UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JESSE K. BOTTOMS, SR. )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 4:13-cv-044-TWP-DML |

**ENTRY ON PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

Jesse Bottoms was convicted of a conspiracy drug offense and of a related financial crime in Case No. 4:10-cr-0006-TWP-VTW-1. Bottoms now seeks relief in this action pursuant to 28 U.S.C. § 2255. He asserts that the United States breached the plea agreement at sentencing and that he was denied the effective assistance of counsel. Having closely examined the record, the Court concludes that no evidentiary hearing has been required to fully address Bottoms' claims. *See Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). For the reasons stated below, the Court finds that there was no breach of the plea agreement which would require a remedy, that Bottoms' Petition must be **denied**, and that a certificate of appealability should not be issued.

**I.    LEGAL STANDARD**

A petition pursuant to 28 U.S.C. § 2255(a) is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). "Section 2255(a) authorizes relief when a sentence was imposed in violation of the laws of the United States." *United States v. Bailey*, 777 F.3d 904, 907 (7th Cir. 2015). This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional

magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004).

Ineffective assistance of counsel claims are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

## II. BACKGROUND

On December 14, 2010, Bottoms was charged in a Superseding Indictment with (1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of a substance containing cocaine, and (2) engaging in a monetary transaction in criminally derived property of a value greater than $10,000.00. A plea agreement was filed by the parties on December 19, 2011, and on April 12, 2012, a combination change-of-plea and sentencing hearing was conducted.

Bottoms' plea agreement was governed by Federal Rule of Criminal Procedure 11(c)(1)(B), therefore the determination of his sentence was within the discretion of the Court. Bottoms agreed to plead guilty to Counts One and Five of the Superseding Indictment. In connection with the sentence, (a) the parties did not agree on the sentence in the plea agreement, but left it up to the Court, (b) the parties disagreed as to whether Bottoms played a leadership role in the conspiracy, (c) the Court was presented with information concerning Bottoms' role in the conspiracy, (d) the Court concluded, pursuant to U.S.S.G. § 3B1.1(a), that Bottoms had played a leadership role in the conspiracy, and (e) the Court imposed executed concurrent sentences of 168 months for the conspiracy offense and 120 months for the financial offense. The sentence imposed

for the conspiracy offense was the mandatory minimum sentence at the time. The executed sentence for the conspiracy offense will be modified to 135 months pursuant to 18 U.S.C. § 3582(c)(2) based on the Stipulation filed on March 2, 2016.

The plea agreement did not prohibit or restrict the United States—or Bottoms himself, for that matter—from arguing that any particular sentencing adjustment was or was not appropriate. Moreover, at the sentencing hearing, Bottoms' counsel did not protest the *fact* that the United States had made an adjustment-oriented argument, but did dispute the appropriateness of that argument. The plea agreement further provided, in part, that Bottoms waived his right to appeal and his right to contest his conviction in an action pursuant to 28 U.S.C. § 2255.

### III.   DISCUSSION

Every argument Bottoms makes here flows from his insistence that the United States breached the plea agreement by arguing that a leadership adjustment was warranted. (The exception to this understanding of Bottoms' petition may be the Court's determination that a leadership adjustment was warranted, but that point is beyond challenge in the circumstances.) The existence and the terms of the plea agreement are undisputed. It is likewise undisputed that "[a] plea bargain is a contract, the terms of which necessarily must be interpreted in light of the parties' reasonable expectations." *United States v. Fields,* 766 F.2d 1161, 1168 (7th Cir. 1985) (quoting *United States v. Mooney,* 654 F.2d 482, 486 (7th Cir. 1981)). The parties' reasonable expectations are judged on the basis of an objective standard, *id.; see also United States v. Osborne,* 931 F.2d 1139, 1162 (7th Cir. 1991). The Seventh Circuit "has taken a restrictive view towards implying sentencing promises into agreements." *United States v. Doe,* 940 F.2d 199, 203 (7th Cir.) (citing cases), *cert. denied,* 502 U.S. 869 (1991). Nonetheless, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of

the inducement or consideration, such promise must be fulfilled," *Santobello v. New York*, 404 U.S. 257, 262 (1971), and the government "undercutting a sentencing recommendation may rise to the level of a breach of an agreement." *United States v. Navarro*, 804 F.3d 872, 877 (7th Cir. 2015) (citing cases). In turn, "[a] breach by the government of any express or implied terms of a plea agreement is a violation of due process, and thus may be challenged under § 2255." *Downen v. United States*, 12 F.3d 1100 (7th Cir. 1993) (citing cases).

Bottoms argues that the plea agreement induced him to have a reasonable expectation that the United States would not make an argument for the imposition of a particular sentence. The Court does not agree. As already noted, the plea agreement did not preclude the United States from arguing its view of an appropriate sentence. Bottoms concedes that the plea agreement left the question of sentence "open" for the Court's determination, and in the adversarial setting process in which the proceedings occurred here this could hardly be reasonably construed in any way *other than* the parties being free to argue what sentence they felt was appropriate. As such, when the United States did so, it did not breach the plea agreement.

Guideline § 3B1.1(a) provides for a four-level increase in the base offense behavior level where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). To qualify for an adjustment under § 3B1.1(a), the defendant must have been the organizer or leader of one or more other participants. *Id.* comment n.2. During the sentencing hearing, the Court made clear that it believed the leader adjustment of U.S.S.G. § 3B1.1(a) applied and explained in detail why that finding was appropriate. Contrary to Bottoms' argument, the United States was not responsible for persuading the Court to apply the adjustment.

The foregoing finding also makes clear that the waiver provisions of the plea agreement were not invalidated by the United States' argument and hence there was no ineffective assistance of counsel when Bottoms' attorney failed to pursue an appeal. *See United States v. Malone,* 2016 WL 890972 (7th Cir. Mar. 9, 2016); *Black v. United States,* 2016 WL 496005, at *2 (S.D.Ind. Feb. 9, 2016) (citing *Solano v. United States*, 2016 WL 456204, at *1 (7th Cir. Feb. 5, 2016), and *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008)).

"If the United States breaches express or implied terms in these agreements, then it violates due process. But the content of the promises is a question of fact . . . ." *United States v. Doe,* 940 F.2d 199, 202 (7th Cir.), *cert. denied,* 502 U.S. 869 (1991) (omitting internal citations). The underlying record here actually *refutes* Bottoms' argument that the plea agreement between him and the United States creates or supports a reasonable expectation that the United States was contractually obligated to not argue that a § 3B1.1(a) leadership role adjustment to Bottoms' offense level was justified. Without such a reasonable expectation, Bottoms' claims collapse. His sentence is not tainted by the due process error of a breached plea agreement and the waiver provision in the plea agreement is entirely enforceable. *See Solano v. United States*, 2016 WL 456204, at *1 (7th Cir. Feb. 5, 2016) ("[T]he Sixth Amendment does not require an attorney to accede to a defendant's request to file an appeal where the defendant has knowingly and voluntarily waived that right as part of a valid plea agreement."); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

## IV. CONCLUSION

For the reason stated above, Bottom's Petition for relief pursuant to 28 U.S.C. § 2255 is **DENIED.**

A copy of this Entry shall be docketed in the underlying criminal action, No. 4:10-cr-0006-TWP-VTW-1.

Finally, the Court **denies** a certificate of appealability because Bottoms has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 3/23/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


DISTRIBUTION:

Jeremy Brian Gordon
LAW OFFICE OF JEREMY GORDON
jeremy@gordondefense.com

Lauren M. Wheatley
UNITED STATES ATTORNEY'S OFFICE – Evansville
lauren.wheatley@usdoj.gov